**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**DONALD GLEN KENNER,**

        **Plaintiff(s),**　　　　**CASE NUMBER: 04-73317
　　　　　　　　　　　　　　　　　HONORABLE VICTORIA A. ROBERTS**

**v.**

**SHELBY TOWNSHIP POLICE OFFICER
PATRICK BARNARD,**

        **Defendant(s).**
_____/

**ORDER**

    This matter is before the Court on Defendant Patrick Barnard's Motion for Reconsideration and Clarification of this Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment. Eastern District of Michigan Local Rule 7.1(g)(3) provides for reconsideration if the movant demonstrates a palpable defect by which the court and the parties have been misled, and further demonstrates that correcting the defect will result in a different disposition of the case. Defendant contends that the Court erred in denying summary judgment on Plaintiff's 42 U.S.C. §1983 claim that he was falsely arrested in violation of the Fourth Amendment. Defendant further requests that the Court clarify its ruling on Plaintiff's Fourth Amendment claim of excessive force.

    A.    **False Arrest**

    The Court found that whether Barnard had probable cause to arrest Plaintiff remains in dispute, inasmuch as there is a factual dispute regarding whether Barnard

1

spoke to the complaining witness before or after Plaintiff was taken into custody. Defendant contends that this factual dispute is not determinative. Assuming the sequence of events as Plaintiff claims, Defendant points out that Barnard was entitled to make a lawful *Terry*[1] stop and detention even before Defendant spoke with Hachey because of Plaintiff's admittedly hostile and assertive behavior towards Defendant during questioning. Defendant asserts that after he spoke with Hachey, he had the probable cause necessary to convert the *Terry* stop into an arrest. Consequently, he argues that there was no constitutional violation regardless of when Defendant spoke with Hachey.

Again, assuming Plaintiff's version of events, Defendant further asserts that his own subjective belief that he had probable cause to arrest Plaintiff for his alleged conduct towards Hachey, prior to speaking with Hachey, even if erroneous, does not negate the fact that he had a reasonable suspicion to justify a *Terry* stop which evolved into a lawful arrest after Defendant spoke with Hachey.

The Court agrees. Even if Defendant erred in his subjective belief that he had probable cause for an arrest prior to speaking with Hachey, the objective undisputed facts establish that he had enough information from dispatch and Plaintiff's own behavior to justify a *Terry* investigative stop. *See United States v Vital-Padilla,* 500 F.2d 641, 644 (9th cir. 1974)("The validity of stops and searches and arrests is determined by an objective, not subjective, standard. . . .Thus, even if officers erroneously rely upon a specific doctrine or presumption as entitling them to make a search or arrest, their

---

[1] *Terry v Ohio*, 392 U.S. 1 (1968).

action will still be sustained if it was objectively justifiable on other grounds."); *United States v Oates*, 560 F2d 45, 58 n.8 (2nd Cir. 1977)(*quoting Vital-Padilla*).

Defendant's subsequent act of handcuffing Plaintiff and placing him a patrol car did not elevate the *Terry* stop into an arrest, because it was a necessary protective measure under the circumstances.  See *Feathers v Aey*, 319 F.3d 843, 852 (6th Cir. 2003)(force necessary to prevent plaintiff from fleeing during investigatory stop did not escalate stop into an arrest); *Gallegos v City of Colorado Springs*, 114 F.3d 1024, 1030 (10th Cir. 1997)(handcuffing or placing suspect on ground does not turn *Terry* stop into arrest, when used as a reasonable precautionary measure); *United States v Jackson*, 652 F.2d 244, 249 (2nd Cir. 1981)(approaching suspected bank robber with weapons drawn a reasonable protective measure that did not transform investigative stop into an arrest).

After Defendant spoke with Hachey, he certainly had probable cause for an arrest.  Consequently, Defendant is entitled to summary judgment; Plaintiff failed to demonstrate that he was detained or arrested in violation of his Fourth Amendment rights.  Defendant's Motion for Reconsideration on this claim is **GRANTED**.

    **B.**    **Excessive Force**

With respect to Plaintiff's claim of excessive force, the Court ruled that this claim included not only the allegation that Defendant raised his handcuffed hands into the air, pulling on the cuffs, but also the allegation that Barnard "grabbed my hair from the back of my head, ripped my head back, ripping out my hair, and slapped me across the mouth with his open hand."

Defendant did not request summary judgment on this claim.

### C. CONCLUSION

Defendant's Motion for Reconsideration and Clarification is **GRANTED**.

Trial will proceed only on the excessive force claim, as outlined above, all of which allegedly occurred at the jail.

In further clarification of the disposition of Defendants' Motion for Summary Judgment, the Court:

(1) **DISMISSES** Shelby Township;

(2) **GRANTS** summary judgment on the false arrest claim;

(3) **DENIES** summary judgment on the excessive force claim;

(4) **GRANTS** summary judgment on the malicious prosecution claim under federal law;

(5) **GRANTS** summary judgment on the claim of malicious prosecution under Michigan law; and

(6) **GRANTS** summary judgment on the claim of violation of equal protection.

**IT IS SO ORDERED**.

    s/Victoria A. Roberts
    Victoria A. Roberts
    United States District Judge

Dated: February 15, 2006

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 15, 2006.<br><br>s/Linda Vertriest<br>Deputy Clerk |