UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD GLEN KENNER,

        Plaintiff,

v.                                                                                          Case No. 04-73317
                                                                                       Hon. Victoria A. Roberts

SHELBY TOWNSHIP POLICE OFFICER,
PATRICK BARNARD

        Defendant.
_____

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion for summary judgment. For the following reasons the Court **DENIES** Defendant's Motion.

**II.    BACKGROUND**

The background of this case is sufficiently set forth in the Court's Order Granting in part, and Denying in part, Defendant's Motion for Summary Judgment filed January 31, 2006. [Doc. 25]. In that Order, the Court granted summary judgment on all of Plaintiff's claims except his false arrest and excessive force claim. On February 14, 2006, Defendant filed a motion for reconsideration. The Court granted Defendant's motion; Plaintiff's remaining claim is for excessive force based on the alleged assault by Defendant that occurred in the booking area when Plaintiff was arrested. Defendant

1

now moves for summary judgment on that claim.

### III. STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The moving party bears the initial burden of showing that there is no genuine issue of material fact. *Snyder v. AG Trucking Co.*, 57 F.3d 484, 488 (6th Cir. 1995). To meet this burden, the movant may rely on any of the evidentiary sources listed in Rule 56(c). *Cox*, 53 F.3d at 149. Alternatively, the movant may meet this burden by pointing out to the court that the nonmoving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case, and on which that party will bear the burden of proof at trial. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937 (6th Cir. 1995); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989). The moving party does not, however, have to support its motion for summary judgment

with evidence negating its opponent's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).

Once the moving party has met its burden, the burden shifts to the nonmoving party to produce evidence of a genuine issue of material fact. Rule 56(e); *Cox*, 53 F.3d at 150. The nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of its complaint. *Copeland*, 57 F.3d at 479. The mere existence of a scintilla of evidence to support the nonmoving party position will be insufficient; there must be evidence on which a jury could reasonably find for the nonmoving party. *Snyder*, 57 F.3d at 488; *Tolton*, 48 F.3d at 941.

## IV.   APPLICABLE LAW AND ANALYSIS

### A.   Summary Judgment

In making this Motion, Defendant relies on Plaintiff's own testimony admitting that he: (1) was argumentative; (2) got aggravated; (3) used profanity; and (4) tried to intimidate Defendant by telling him he was "going to jail" for false arrest. [Defendant's Brief, p. 3]. Defendant offers nothing to counter Plaintiff's version of what occurred - and seems to conclude that if the assault happened, Defendant was responding only to verbal threats made by Plaintiff while handcuffed. However, according to Plaintiff's deposition testimony, the threats relied on by Defendant came after the alleged assault. [Kenner Deposition, p. 64]. Defendant does not offer another version of what occurred, but only asserts that this is not a colorable claim because the force, if used, was reasonable, and Plaintiff does not allege permanent injury.

#### 1.   Reasonableness of use of force

While a jury may choose not to believe Plaintiff, at this juncture there are no disputed facts as to what occurred at the police station. If true, Plaintiff has stated a Fourth Amendment violation based on excessive force.

Whether Plaintiff has supported an excessive force claim is judged under the Fourth Amendment reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id*. at 396. Proper application of the reasonableness test requires careful attention to "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. (citation omitted). Reasonableness is judged from the perspective of a reasonable officer on the scene and not with the benefit of hindsight. *Id*. "Not every push or shove...violates the Fourth Amendment." *Id*. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation." *Id*. at 396-397.

However, the Sixth Circuit has held that "even minor uses of force are unconstitutionally excessive if they are totally gratuitous." *Gaddis ex rel. Gaddis v. Redford Township*, 364 F.3d 763, 772 (6th Cir. 2004). See also this Court's ruling in *Skover v. Titchenell*, 408 F.Supp.2d 445, 450 (E.D.Mich. 2005).

Even assuming that Plaintiff was belligerent and uncooperative, that does not lead to the conclusion that raising his handcuffed hands in the air, pulling out his hair and slapping him in the mouth was automatically reasonable, where Plaintiff was handcuffed and chained to a bench. Defendant does not provide the Court with any support for an inference that he was justified in taking these actions. There is nothing in Defendant's brief beyond general characterizations of Plaintiff's temperament. There is no deposition testimony or affidavit submitted which support Defendant's claim that the use of force was reasonable.

### 2. Sufficiency of Plaintiff's injury

Defendant claims the Plaintiff must allege a permanent or serious injury in order to sustain a claim for excessive force. Defendant cites several Eighth Circuit cases to support his assertion. However, the cases cited are inapposite to Sixth Circuit precedent.

Plaintiff does not have to allege physical marks or physical damage in order to support a claim for excessive force. *See Holmes v. City of Massillon*, 78 F.3d 1041, 1048 (6th Cir. 1996)(claim upheld where plaintiff alleged excessive force in removing her wedding ring); *Ingram v. City of Columbus*, 185 F.3d 579, 597 (6th Cir. 1999)(claim upheld where plaintiff alleged she was struck in the face and thrown against a couch); and *Kostrzewa v. City of Troy*, 247 F.3d 633, 640 n.3 (6th Cir. 2001)(claim upheld for tight handcuffs made worse by erratic driving while transporting to police station). As the Sixth Circuit states, "[a] state is not free to inflict pains without cause just so long as it is careful to leave no marks." *Holmes*, 78 F.3d at 1048 (*quoting Williams v. Boles*, 841 F.2d 181, 183 (7th Cir. 1988)). The *Holmes* court also held that a §1983 plaintiff can

collect for emotional harm, which requires no physical evidence whatsoever. *Id.*

Additionally, Defendant seems to argue that the alleged acts in this case are tantamount to a "push or shove" as described in *Graham, supra* - and that such "pushes and shoves" cannot amount to a Fourth Amendment violation. [Defendant's Brief, p. 6]. This is incorrect. *Graham* explicitly says "**[n]ot every** push or shove...violates the Fourth Amendment." 490 U.S. at 396 (emphasis added). Clearly, the Court contemplated that **some** pushes or shoves could violate the Fourth Amendment.

Based on the Plaintiff's allegations, supported by his deposition testimony, and Defendant's failure to establish that there is no genuine issue of material fact, the Court declines to hold there was no constitutional violation by Defendant.

### B. Qualified Immunity

If the jury credits Plaintiff's testimony, Defendant is not entitled to qualified immunity because the law is clearly established that a police officer cannot pull a prisoner's hair out and slap him while he is handcuffed and doing nothing more than verbally abusing a police officer. The Court finds that the right to be free from this type of excessive force was clearly established in October 2002, and a reasonable officer would have known that this type of behavior was unconstitutional.

On the other hand, the question of qualified immunity would be moot if the jury decides not to credit Plaintiff's testimony.

### V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for summary judgment.

**IT IS SO ORDERED.**

                                                     **S/Victoria A. Roberts**
                                                     **Victoria A. Roberts**
                                                     **United States District Judge**

**Dated: March 7, 2006**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 7, 2006.**
>
> **s/Carol A. Pinegar**
> **Deputy Clerk**